**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MHL TEK, LLC, | § | Case No.2:07-cv 289 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| NISSAN MOTOR CO.; NISSAN NORTH AMERICA, INC.; NISSAN TECHNICAL CENTER NORTH AMERICA, INC.; HYUNDAI MOTOR CO.; HYUNDAI MOTOR AMERICA; HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC; KIA MOTORS CORPORATION; KIA MOTORS AMERICA, INC.; DR. ING. H.C. F. PORSCHE AG; PORSCHE CARS NORTH AMERICA, INC.; AUDI AG; AUDI OF AMERICA, INC.; BAYERISCH MOTOREN WERKE AG; BMW OF NORTH AMERICA LLC; BMW MANUFACTURING CO., LLC; ISUZU MOTORS LTD.; ISUZU MOTORS AMERICA, INC.; FUJI HEAVY INDUSTRIES, LTD.; SUBARU OF AMERICA, INC.; SUBARU OF INDIANA AUTOMOTIVE, INC.; VOLKSWAGEN AG; VOLKSWAGEN OF AMERICA, INC., | § § § § § § § § § § § § § § § § § § § § § § § § | **JURY TRIAL DEMANDED**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |
| Defendants. | § § | |

## THE PARTIES

1.  Plaintiff MHL Tek, LLC ("MHL") is a company duly formed and existing under the laws of the State of Texas, having its principal place of business at Rochester Hills, Michigan.

2.	On information and belief, Defendant Nissan Motor Co. is a corporation organized and existing under the laws of Japan, having its principal place of business at 17-1, Ginza 6-chome, Chuo-ku, Tokyo, 104-8023, Japan.

3.	On information and belief, Defendant Nissan North America, Inc. is a corporation organized and existing under the laws of the State of California, having its principal place of business at 333 Commerce Street, Nashville, Tennessee 37201.

4.	On information and belief, Defendant Nissan Technical Center North America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 39001 Technical Center Drive, Farmington Hills, Michigan 48333.

5.	On information and belief, Defendant Hyundai Motor Co. is a corporation organized and existing under the laws of South Korea, having its principal place of business at 231 Yangjae-dong, Seocho-gu, Seoul, 137-938, South Korea.

6.	On information and belief, Defendant Hyundai Motor America is a corporation organized and existing under the laws of the State of California, having its principal place of business at 10550 Talbert Avenue, Fountain Valley, California 92078.

7.	On information and belief, Defendant Hyundai Motor Manufacturing Alabama LLC is a company organized and existing under the laws of the State of Delaware, having its principal place of business at 700 Hyundai Boulevard, Montgomery, Alabama 36105.

8.	On information and belief, Defendant Kia Motors Corporation is a corporation organized and existing under the laws of South Korea, having its principal place of business at 231, Yangjae-dong, Seocho-gu Seoul, 137-938, South Korea.

9. On information and belief, Defendant Kia Motors America, Inc. is a corporation organized and existing under the laws of the State of California, having its principal place of business at 111 Peters Canyon Road, Irvine, California 92606.

10. On information and belief, Defendant Dr. Ing. h.c. F. Porsche AG is a corporation organized and existing under the laws of Germany, having its principal place of business at Porscheplatz 1, D-70435 Stuttgart, Germany.

11. On information and belief, Defendant Porsche Cars North America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 980 Hammond Drive NE, Atlanta, Georgia 30328.

12. On information and belief, Defendant Audi AG is a corporation organized and existing under the laws of Germany, having its principal place of business at Finanzanalytik und Publizität, 1/FF-12, D-85045 Ingolstadt, Germany.

13. On information and belief, Defendant Audi of America, Inc. is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 3800 Hamlin Road, Auburn Hills, Michigan 48326.

14. On information and belief, Defendant Bayerische Motoren Werke AG is a company organized and existing under the laws of Germany, having its principal place of business at Petuelring 130, D-80788, Munich, Germany.

15. On information and belief, Defendant BMW of North America LLC is a company organized and existing under the laws of the State of Delaware, having its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677.

16. On information and belief, Defendant BMW Manufacturing Co. LLC is a company organized and existing under the laws of Delaware, having its principal place of business at 1400 Highway 101 South Greer, South Carolina 29651.

17. On information and belief, Defendant Isuzu Motors Limited is a corporation organized and existing under the laws of Japan, having its principal place of business at 26-1, Minami-oi 6 chome, Shinagawa-ku, Tokyo, 140-8722, Japan.

18. On information and belief, Defendant Isuzu Motors America, Inc. is a corporation organized and existing under the laws of the State of Michigan, having its principal place of business at 13340 183rd Street, Cerritos, California 90702.

19. On information and belief, Defendant Fuji Heavy Industries, Ltd. is a corporation organized and existing under the laws of Japan, having its principal place of business at Subaru Building, 7-2 Nishi-Shinjuku 1-chome, Shinjuku-ku, Tokyo, 160-8316, Japan.

20. On information and belief, Defendant Subaru of America, Inc. is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 2235 Route 70 West, Cherry Hill, New Jersey 08002.

21. On information and belief, Defendant Subaru of Indiana Automotive, Inc. is a corporation organized and existing under the laws of the State of Indiana, having its principal place of business at 5500 State Road 38 East, Lafayette, Indiana 47905.

22. On information and belief, Defendant Volkswagen AG is a corporation organized and existing under the laws of Germany, having its principal place of business at Brieffach 1848-2, 38436 Wolfsburg, Germany.

23. On information and belief, Defendant Volkswagen of America, Inc. is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 3800 Hamlin Road, Auburn Hills, Michigan 48326.

## JURISDICTION AND VENUE

24. This is an action arising under the patent laws of the United States, Title 35 of the United States Code, Section 271. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

25. This Court has personal jurisdiction over Defendants because Defendants conduct business in this judicial district and have committed acts of patent infringement in this judicial district.

26. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants' contacts with this district are sufficient to render them amenable to personal jurisdiction in this district and Defendants have committed acts of infringement in this district.

## FIRST CLAIM
**(Infringement of U.S. Patent No. 5,663,496)**

27. Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 26 inclusive as if fully set forth herein.

28. On September 2, 1997, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,663,496 entitled "Tire Monitoring Via an Electromagnetic Path Including the Ground Plane of a Vehicle" (the "'496 patent"). A true and correct copy of the '496 patent is attached hereto as Exhibit A. Through assignment, Plaintiff is the owner of all right, title, and interest in the '496 patent, including all rights to pursue and collect damages for past infringements of the patent.

29. Defendants have been infringing the '496 patent in violation of 35 U.S.C. § 271 by making, using, and/or selling or offering for sale products embodying the patented invention in the United States.

30. Upon information and belief, Defendants will continue to infringe the '496 patent unless enjoined by this Court.

31. Defendants' past and continued infringement of the '496 patent is willful and deliberate, rendering this case appropriate for treble damages under 35 U.S.C. § 284 and making this an exceptional case under 35 U.S.C. § 285.

32. As a result of Defendants' infringement, Plaintiff has suffered and will suffer damages.

33. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

## SECOND CLAIM
### (Infringement of U.S. Patent No. 5,731,516)

34. Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 33 inclusive as if fully set forth herein.

35. On March 24, 1998, the USPTO duly and legally issued U.S. Patent No. 5,731,516 entitled "System and Method for Monitoring a Pneumatic Tire" (the "'516 patent"). A true and correct copy of the '516 patent is attached hereto as Exhibit B. Through assignment, Plaintiff is the owner of all right, title, and interest in the '516 patent, including all rights to pursue and collect damages for past infringements of the patent.

36. Defendants have been infringing the '516 patent in violation of 35 U.S.C. § 271 by making, using, and/or selling or offering for sale products embodying the patented invention in the United States.

37. Upon information and belief, Defendants will continue to infringe the '516 patent unless enjoined by this Court.

38. Defendants' past and continued infringement of the '516 patent is willful and deliberate, rendering this case appropriate for treble damages under 35 U.S.C. § 284 and making this an exceptional case under 35 U.S.C. § 285.

39. As a result of Defendants' infringement, Plaintiff has suffered and will suffer damages.

40. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

### THIRD CLAIM
### (Infringement of U.S. Patent No. 5,741,966)

41. Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 40 inclusive as if fully set forth herein.

42. On April 21, 1993, the USPTO duly and legally issued U.S. Patent No. 5,741,966 entitled "Method and System for Monitoring a Parameter of a Vehicle Tire" (the "'966 patent"). A true and correct copy of the '966 patent is attached hereto as Exhibit C.  Through assignment, Plaintiff is the owner of all right, title, and interest in the '966 patent, including all rights to pursue and collect damages for past infringements of the patent.

43. Defendants have been infringing the '966 patent in violation of 35 U.S.C. § 271 by making, using, and/or selling or offering for sale products embodying the patented invention in the United States.

44. Upon information and belief, Defendants will continue to infringe the '966 patent unless enjoined by this Court.

45. Defendants' past and continued infringement of the '966 patent is willful and deliberate, rendering this case appropriate for treble damages under 35 U.S.C. § 284 and making this an exceptional case under 35 U.S.C. § 285.

46. As a result of Defendants' infringement, Plaintiff has suffered and will suffer damages.

47. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. A judgment by the Court that Defendants are infringing the '496 patent;

B. A judgment by the Court that Defendants are infringing the '516 patent;

C. A judgment by the Court that Defendants are infringing the '966 patent;

D. A permanent injunction pursuant to 35 U.S.C. § 283 that enjoins Defendants and their agents, servants, employees, successors, and assigns, and all persons acting under the authority of, or in privity or concert with Defendants from directly or indirectly infringing, or contributing to the infringement of the '496 patent;

E. A permanent injunction pursuant to 35 U.S.C. § 283 that enjoins Defendants and their agents, servants, employees, successors, and assigns, and all persons acting under the authority of, or in privity or concert with Defendants from directly or indirectly infringing, or contributing to the infringement of the '516 patent;

F. A permanent injunction pursuant to 35 U.S.C. § 283 that enjoins Defendants and their agents, servants, employees, successors, and assigns, and all persons acting under the

authority of, or in privity or concert with Defendants from directly or indirectly infringing, or contributing to the infringement of the '966 patent;

G. An award of damages that Defendants be ordered to account for and pay to Plaintiff for the infringement of the '496 patent;

H. An award of damages that Defendants be ordered to account for and pay to Plaintiff for the infringement of the '516 patent;

I. An award of damages that Defendants be ordered to account for and pay to Plaintiff for the infringement of the '966 patent;

J. That such damages be trebled for the willful, deliberate, and intentional infringement by Defendants as alleged herein in accordance with 35 U.S.C. § 284;

K. That Plaintiff be awarded interest on the damages so computed;

L. An award of costs and attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

M. For such other and further relief the Plaintiff may be entitled to as a matter of law or that the Court may deem just and equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Rules of Civil Procedure.

...

Dated July 13, 2007.                     Respectfully submitted,

/s/ Sam Baxter

Samuel F. Baxter,
Lead Attorney
State Bar No. 01938000
sbaxter@mckoolsmith.com
MCKOOL SMITH P.C.
P.O. Box O
505 East Travis Street, Suite 105
Marshall, TX  75671
Telephone: (903) 927-2111
Facsimile: (903) 927-2622

Garret Chambers
State Bar No. 00792160
gchambers@mckoolsmith.com
MCKOOL SMITH P.C.
300 Crescent Court Suite 1500
Dallas, Texas  75201
Telephone: (214) 978-4242
Facsimile: (214) 978-4044

ATTORNEYS FOR PLAINTIFF
MHL TEK, LLC

OF COUNSEL:

David C. Doyle
ddoyle@mofo.com
MORRISON & FOERSTER, LLP
12531 High Bluff Drive, Suite 100
San Diego, CA  92130-2040
Telephone: (858) 720-5139
Facsimile:  (858) 720-5125

Richard C. Kim
rkim@mofo.com
MORRISON & FOERSTER, LLP
12531 High Bluff Drive, Suite 100
San Diego, CA  92130-2040
Telephone: (858) 720-5142
Facsimile:  (858) 720-5125

Katherine L. Parker
kparker@mofo.com
MORRISON & FOERSTER, LLP
12531 High Bluff Drive, Suite 100
San Diego, CA  92130-2040
Telephone: (858) 720-5152
Facsimile:  (858) 720-5125