**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MHL TEK, LLC, | ) | Case No.  2:07-cv-289-TJW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NISSAN MOTOR CO.; NISSAN | ) | |
| NORTH AMERICA, INC.; NISSAN | ) | |
| TECHNICAL CENTER NORTH | ) | |
| AMERICA, INC.; HYUNDAI | ) | **JURY TRIAL DEMANDED** |
| MOTOR CO.; HYUNDAI MOTOR | ) | |
| AMERICA; HYUNDAI MOTOR | ) | |
| MANUFACTURING ALABAMA, | ) | **PLAINTIFF MHL TEK, LLC'S** |
| LLC; KIA MOTORS | ) | **REPLY TO SUBARU OF AMERICA,** |
| CORPORATION; KIA MOTORS | ) | **INC., AND SUBARU OF INDIANA** |
| AMERICA, INC.; DR. ING. H.C. F. | ) | **AUTOMOTIVE, INC.'S** |
| PORSCHE AG; PORSCHE CARS | ) | **COUNTERCLAIM** |
| NORTH AMERICA, INC.; AUDI AG; | ) | |
| AUDI OF AMERICA, INC.; | ) | |
| BAYERISCHE MOTOREN WERKE | ) | |
| AG; BMW OF NORTH AMERICA | ) | |
| LLC; BMW MANUFACTURING | ) | |
| CO., LLC; ISUZU MOTORS LTD.; | ) | |
| ISUZU MOTORS AMERICA, INC.; | ) | |
| FUJI HEAVY INDUSTRIES, LTD.; | ) | |
| SUBARU OF AMERICA, INC.; | ) | |
| SUBARU OF INDIANA | ) | |
| AUTOMOTIVE, INC.; | ) | |
| VOLKSWAGEN AG; | ) | |
| VOLKSWAGEN OF AMERICA, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff and Counter Defendant MHL Tek, LLC ("MHL") hereby replies to each of the numbered paragraphs of the counterclaims filed with the Subaru of America, Inc. and Subaru of Indiana Automotive, Inc. (collectively, "Subaru") Answer and Counterclaim to Complaint dated September 7, 2007:

## The Parties

1.      In reply to Paragraph 57 of Subaru's Counterclaim, MHL admits that Counter Claimant Subaru of America ("SOA") is a New Jersey corporation with its principal place of business in New Jersey and that Counter Claimant Subaru of Indiana ("SIA") is an Indiana corporation with its principal place of business in Indiana.

2.      In reply to Paragraph 58 of Subaru's Counterclaim, MHL denies that MHL is a Texas corporation; MHL is a Texas limited liability company.  MHL admits that its principal place of business is located in Rochester Hills, Michigan.

## Jurisdiction

3.      In reply to Paragraph 59 of Subaru's Counterclaim, MHL admits that Subaru purports to bring a counterclaim under the patent laws of the United States, Title 35, United States Code.  MHL further admits that this Court has jurisdiction over the subject matter of Subaru's counterclaim under 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4.      In reply to Paragraph 60 of Subaru's Counterclaim, MHL admits that venue is proper in this district and in the Marshall Division.

## Count I

## Declaratory Relief Regarding Non-infringement

5.      In reply to Paragraph 61 of Subaru's Counterclaim, MHL admits that an actual controversy exists between the parties as to whether Subaru infringes the Patents-in-Suit.

6.      In reply to Paragraph 62 of Subaru's Counterclaim, MHL admits that Subaru purports to request a declaration by the Court that it does not infringe any claim of the Patents-in-Suit.  MHL denies that Subaru does not infringe any claim of the Patents-in-Suit.

1

## **Count II**

### **Declaratory Relief Regarding Invalidity**

7.      In reply to Paragraph 63 of Subaru's Counterclaim, MHL admits that an actual controversy exists between the parties as to the validity of the claims of the Patents-in-Suit.

8.      In reply to Paragraph 64 of Subaru's Counterclaim, MHL admits that Subaru purports to request a declaration by the Court that the claims of the Patents-in-Suit are invalid. MHL denies that the claims of the Patents-in-Suit are invalid.

## **Count III**

### **Declaratory Relief Regarding Unenforceability**

9.      In reply to Paragraph 65 of Subaru's Counterclaim, MHL denies that an actual controversy exists between the parties as to the enforceability of the Patents-in-Suit.  Subaru has failed to plead its claim of unenforceability with the required specificity.

10.      In reply to Paragraph 66 of Subaru's Counterclaim, MHL admits that Subaru purports to request a declaration by the Court that the claims of the Patents-in-Suit are unenforceable.  MHL denies that the claims of the Patents-in-Suit are unenforceable.

### **Prayer**

MHL denies that Subaru is entitled to any of the relief requested in its Counterclaim.

///

///

///

///

///

///

///

///

///

///

sd-393992

## **AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM**

Subaru fails to state facts sufficient to support its claim for declaratory judgment of unenforceability, and therefore is not entitled to the relief it seeks.

Dated October 1, 2007                    Respectfully submitted,


/s/ Katherine L. Parker
Katherine L. Parker

MORRISON & FOERSTER, LLP
David C. Doyle
ddoyle@mofo.com
Katherine L. Parker
kparker@mofo.com
Richard C. Kim
rkim@mofo.com
12531 High Bluff Drive, Suite 100
San Diego, CA  92130-2040
Telephone: (858) 720-5152
Facsimile:  (858) 720-5125

Samuel F. Baxter, Attorney-in-Charge
State Bar No. 01938000
sbaxter@mckoolsmith.com
MCKOOL SMITH P.C.
P.O. Box O
505 East Travis Street, Suite 105
Marshall, TX  75671
Telephone: (903) 927-2111
Facsimile: (903) 927-2622

Garret Chambers
State Bar No. 00792160
gchambers@mckoolsmith.com
MCKOOL SMITH P.C.
300 Crescent Court Suite 1500
Dallas, Texas  75201
Telephone: (214) 978-4242
Facsimile: (214) 978-4044
ATTORNEYS FOR PLAINTIFF
AND COUNTER DEFENDANT
MHL TEK, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 1, 2007, the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).

/s/  Katherine L. Parker
Katherine L. Parker