IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MHL TEK, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-CV-289 (TJW) |
| | § | |
| NISSAN MOTOR COMPANY ET AL., | § | |
|     Defendants. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendant BMW Manufacturing Co., LLC's ("BMWMC") Motion to Dismiss for Lack of Personal Jurisdiction and Memorandum In Support (the "Motion"). The court DENIES the Motion.

The defendant states that "BMWMC builds X5 and Z4 model vehicles. . .For cars destined for the US, BMWMC sells the cars to BMW AG, its ultimate parent. BMWNA [BMW of North America, LLC], in turn, purchases vehicles from BMW AG and imports and distributes these vehicles for sale in the United States. BMWNA, and not BMWMC, directs and controls the distribution of BMW vehicles in the US, including into Texas." Opg. Brf. at pp. 1 & 2. BMWMC's arguments inform that court that BMWMC places X5 and Z4 model vehicles into the stream of commerce knowing that those vehicles will be distributed for sale to the United States–including Texas.

Personal Jurisdiction is governed by Federal Circuit law in patent cases. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1564 (Fed. Cir. 1994). "Due Process requires . . . that in order to subject a defendant to a judgment *in personam,* if he be not present within the

territory of the forum, the must have certain *minimum contacts* with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe, Co. v. Washington,* 326 U.S. 310, 316 (1945). Requiring purposeful minimum contacts with the forum helps to ensure that non-residents have notice that a given activity may subject them to litigation within that forum. *See World-Wide Volkswagen, Corp., v. Woodson,* 444 U.S. 286, 297 (1980). The Supreme Court commented on the significance of purposefully shipping a product through an established distribution channel in *World-Wide Volkswagen.* Specifically, the Court stated that "if the sale of a product of a manufacturer or distributor is not simply an isolated occurrence, but arises from the efforts of the [defendant] to serve, directly, or indirectly, the market for its product . . ., it is not unreasonable to subject it to suit. *Id.* at 298.

The Federal Circuit has delineated the necessary components of the exercise of jurisdiction "consonant with due process" in *Beverly Hills Fan.* In *Beverly Hills Fan*, the Federal Circuit found that the plaintiffs stated "all the necessary ingredients for an exercise of jurisdiction consonant with due process: defendants, acting in consort, placed the accused fan in the stream of commerce, they knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there." *Beverly Hills Fan*, 21 F.3d at 1566.

In the instant case, BMWMC admitted in its briefing that it places the X5 and Z4 model vehicles into the stream of commerce via an established distribution channel with other BMW entities. Further, BMWMC knows the likely destination of its products. BMWMC sells its products to BMW AG knowing that BMWNA will purchase some of those vehicles for distribution in the United States. BMWNA then distributes X5 and Z4 model vehicles throughout the United States,

including Texas.  BMWMC should reasonably anticipate being haled into court in Texas.

**CONCLUSION**

  For the foregoing reasons, the court DENIES the Motion.

  SIGNED this 2nd day of April, 2008.

              _____
               T. JOHN WARD
               UNITED STATES DISTRICT JUDGE