**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MHL TEK, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-CV-289 |
| | § | |
| NISSAN MOTOR COMPANY ET AL., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants Audi AG, Audi of America, Inc., Volkswagen AG and Volkswagen of America, Inc.'s Motion to Transfer to Venue (Dkt. No. 92) and related briefing. Defendants Nissan Motor Co. Ltd., Nissan North America, Inc., and Nissan Technical Center North America, Inc. have joined the Motion (Dkt. No. 111). The defendants request that this case be transferred to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). After carefully considering the parties' written submissions, the Defendants' motion is DENIED for the reasons set forth in this opinion.

**I.    Background**

Plaintiff MHL Tek, LLC ("MHL") is a Texas corporation with offices in Rochester Hills, Michigan. Defendant Audi AG ("Audi") is a German corporation having its principal place of business in Ingolstadt, Germany. Defendant Audi of America, Inc. ("Audi America") is a corporation organized and existing under the laws of the State of New Jersey, with its headquarters in Auburn Hills, Michigan. Defendant Volkswagen AG ("Volkswagen") is a German corporation,

having its principal place of business in Wolfsburg, Germany.  Defendant Volkswagen of America, Inc. ("Volkswagen Am") is a New Jersey corporation, having its principal place of business in Auburn Hills, Michigan.  Defendant Nissan Motor Co. ("Nissan") is a Japanese corporation with headquarters in Tokyo, Japan.  Defendant Nissan North America, Inc. ("Nissan NA") is incorporated in California with its principal place of business in Nashville, Tennessee.  Defendant Nissan Technical Center North America, Inc. ("Nissan TCNA") is a Delaware corporation headquartered in Farmington Hills, Michigan.

This is a patent infringement case involving automobile tire monitoring systems.  In this action, the plaintiff alleges that tire monitoring systems  manufactured and sold by the defendants infringe U.S. Patent Nos. 5,663,496 ("the '496 patent), 5,731,516 (the "'516 patent"), No. 5,741,966 (the "'966 patent").  Defendants have asked the court to transfer this case to the Eastern District of Michigan pursuant to 28 U.S.C. §1404(a).

## II.    Discussion

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000).  When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case."  *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

2

When deciding whether to transfer venue, the court balances private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  The private factors are the following:  (1) the plaintiffs' choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771. The public interest factors involve the following:  (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws.  *Id.*

### A.    Private Factors

#### 1.    Plaintiff's Choice of Forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).  The plaintiff's choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002).  Plaintiff MHL is a Texas corporation and chose to bring its suit in the Eastern District of Texas.  Plaintiff's choice of forum is entitled to deference absent a showing of good cause by the moving party. *See In re Volkswagen*, 506 F.3d at 384.  In this court's view, this factor weighs against transfer.

#### 2.    The Convenience of the Parties and the Witnesses

The court will first assess the convenience of the parties.  However, the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses.

3

*Shoemake*, 233 F. Supp. 2d at 832. Neither the plaintiff nor the defendants are located in Texas. Accordingly, the convenience of the parties is a neutral factor with respect to transfer.

The court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed*, 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

With respect to key party witnesses, Defendants note that most of their party witnesses are located in Michigan. *Defendant's Motion*, p. 5. Defendants also argue that MHL's witnesses in this case reside in Michigan. *Id.* The plaintiffs chose to bring their suit here. Therefore, the court assumes this forum is convenient for the plaintiffs. *See Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, 450 F. Supp. 2d 676, 678 (E.D. Tex. 2006). While the court does agree that Michigan residents would find it more convenient to attend a trial in Michigan, it is not persuaded to give great weight to the inconvenience of party witnesses in allowing a transfer of this case.

In their Motion, defendants specifically identify the inventors and prosecution counsel of the patents in suit as key non-party witnesses. *Defendant's Motion*, p. 5. Defendants have not shown that these witnesses would either be unwilling to or inconvenienced by traveling to Texas. Further, given the number of parties at dispute and the possible location of other witnesses across the country and beyond, the court is not persuaded, that much weight can be given to this fact. Accordingly, the convenience of non-party witnesses is a neutral factor with respect to transfer.

3.    The Place of the Alleged Wrong

Defendant's accused products are sold in both the Eastern District of Michigan and this District.  The court, therefore, gives this factor no weight.

4.    The Cost of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process

Defendants contend that relevant witnesses that reside within the Eastern District of Michigan cannot be compelled by subpoena to testify at trial because they are outside the absolute subpoena power of this Court.  *Defendant's Motion*, p. 5.  However, from the briefing of the parties, a majority of the non-party witnesses are likely to be outside of both Michigan and Texas.  Neither court has absolute subpoena power over all witnesses in this case.  Accordingly, this factor is neutral as to transfer.

5.    The Availability and Location of Sources of Proof

Defendants contend that several documentary sources of proof and other evidence are located in Michigan.  *Defendant's Motion*, p. 4.  Plaintiffs contend that a significant amount of the documentary evidence is scattered around globe.  *Plaintiff's Sur-Reply*, p. 10.  The court notes that the increasing ease of storage and transportation, however, makes this factor but much less significant.  *See Tinkers & Chance v. Leapfrog Enterprises, Inc.*, 2006 WL 462601, *5-6 (E.D. Tex. Feb. 23, 2006).  Documents can easily be transported to Marshall, Texas.  This factor is neutral as to transfer.

6.    The Possibility of Delay and Prejudice if Transfer is Granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and

5

convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

**B.    Public Interest Factors**

1.    The Administrative Difficulties Caused by Court Congestion

The defendants argue that this district has twenty-five percent more weighted filings per judgeship than the Eastern District of Michigan, and this shows that this court is more congested than a Michigan court. *Defendant's Motion*, p. 6. These statistics do not provide data for patent cases, which tend to have special rules and procedures. Further, this District has adopted patent rules designed to ensure that patent cases proceed much more expeditiously. The Markman hearing in this case is scheduled for August 19, 2009 with trial scheduled in December 2009. In the court's view, this factor is neutral as to transfer.

2.    The Local Interest in Adjudicating Local Disputes and the Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

The defendants' accused products are sold in this District. The sale of allegedly infringing products in the Eastern District of Texas is an event that is significant and relevant to this action. The citizens of the Eastern District of Texas have a substantial interest in whether acts of patent infringement have occurred in this District and in the State of Texas. This factor weighs against transfer

3.    The avoidance of unnecessary problems in conflict of laws

Patent claims are governed by federal law. This court and the court in the Eastern District of Michigan are both capable of applying patent law to infringement claims. Therefore, this factor is neutral as to transfer.

6

**III.    Conclusion**

For the reason stated above, the defendants have failed to satisfy their burden of showing good cause that a transfer under § 1404(a) is warranted for the convenience of parties and witnesses, in the interest of justice.  The court finds that the competing factors do not justify a transfer. Accordingly, Defendants' Motion is DENIED.

SIGNED this 10th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

7