IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MHL TEK, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-CV-289 |
| | § | |
| NISSAN MOTOR COMPANY ET AL., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

### MEMORANDUM OPINION AND ORDER

Defendants Audi AG, Audi of America, Inc., Volkswagen AG Volkswagen of America, Inc., Nissan Motor Co. Ltd., Nissan North America, Inc., and Nissan Technical Center North America, Inc. (collectively "defendants") move the Court to reconsider its decision of September 10, 2008 denying their motion to transfer this case the Eastern District of Michigan. (Dkt. Nos. 92, 111, 184, 222). Other defendants in this case, Hyundai Motor Co., Hyundai Motor America, Hyundai Motor Manufacturing Alabama LLC, Kia Motors Corporation, Kia Motors America, Inc. support this motion (Dkt. No. 230). Defendants' reason for this motion is the Fifth Circuit's subsequent *en banc* decision granting mandamus and ordering a transfer in *In re Volkswagen of America Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc), *cert. denied*, No. 08-754 (Feb. 23, 2009). Defendants have also filed a supplemental brief in support of their request for reconsideration, submitting the Federal Circuit's December 29, 2008 decision granting mandamus and ordering a transfer in *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008). The Court has carefully

1

considered the facts of this case in light of the recent circuit decisions, along with parties' arguments. The Court finds that a transfer to the Eastern District of Michigan is not warranted in this case under 28 U.S.C. § 1404(a). Defendants' motion for reconsideration is DENIED for the reasons set forth in this opinion.

I.   **Background**

Plaintiff MHL Tek, LLC ("MHL") is a Texas corporation with offices in Rochester Hills, Michigan. Defendant Audi AG ("Audi") is a German corporation having its principal place of business in Ingolstadt, Germany. Defendant Audi of America, Inc. ("Audi Am") is a corporation organized and existing under the laws of New Jersey, with its headquarters in Herndon, Virginia. Defendant Volkswagen AG ("Volkswagen") is a German corporation, having its principal place of business in Wolfsburg, Germany. Defendant Volkswagen of America, Inc. ("Volkswagen Am") is a New Jersey corporation, with its principal place of business in Herndon, Virginia. Defendant Nissan Motor Co. ("Nissan") is a Japanese corporation with headquarters in Tokyo, Japan. Defendant Nissan North America, Inc. ("Nissan NA") is incorporated in California, with its principal place of business in Nashville, Tennessee. Defendant Nissan Technical Center North America, Inc. ("Nissan TCNA") is a Delaware corporation, headquartered in Farmington Hills, Michigan. Defendant Hyundai Motor Co. ("Hyundai") is a corporation organized and existing under the laws of South Korea, having its principal place in Seoul, South Korea. Defendant Hyundai Motor America ("Hyundai Am") is a corporation organized and existing under the laws of California, with its principal place of business in Fountain Valley, California. Defendant Hyundai Motor Manufacturing Alabama LLC is a company organized and existing under the laws of Delaware, with its principal place of business in Montgomery, Alabama.

Defendant Kia Motors Corporation ("Kia") is a corporation organized and existing under the laws of South Korea, having its principal place in Seoul, South Korea.  Defendant Kia Motors America, Inc. ("Kia Am") is a California corporation, operating out of Irvine, California.  Defendant Dr. Ing. h.c. F. Porsche AG ("Porsche") is a German corporation, operating out of Stuttgart, Germany.  Defendant Porsche Cars North America, Inc. ("Porsche Am") is a Delaware corporation, having its principal place of business in Atlanta, Georgia.  Defendant Bayerische Motoren Werke AG ("Bayerische") is a German corporation, operating out of Stuttgart, Germany.  Defendant BMW of North America LLC ("BMW") is a Delaware Corporation with its principal place of business in Woodcliff Lake, New Jersey.  Defendant BMW Manufacturing Co. LLC ("BMW Manufacturing") is a company organized and existing under the laws of Delaware, having its principal place of business in South Greer, South Carolina.   Defendant Isuzu Motors Limited ("Isuzu") is a Japanese corporation, operating out of Tokyo, Japan.  Defendant Isuzu Motors America, Inc. ("Isuzu Am") is a Michigan corporation, having its principal place of business in Cerritos, California.  Defendant Subaru of America, Inc. is a corporation organized and existing under the laws of New Jersey, having its principal place of business in Cherry Hill, New Jersey.  Defendant Subaru of Indiana Automotive, Inc. is a corporation organized and existing under the laws of Indiana, having its principal place of business in Lafayette, Indiana.  *See* Pls.' Compl., Dkt. No. 1, at p. 1-5; Pls.' Response, Dkt. No. 101, at p. 2.

This is a patent infringement case involving automobile tire monitoring systems.  In this action, the plaintiff alleges that tire monitoring systems manufactured and sold by the various defendants infringe U.S. Patent Nos. 5,663,496 ("the '496 patent), 5,731,516 (the "'516 patent"),

and No. 5,741,966 (the "'966 patent").

## II. Discussion

"Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Texas Instruments, Inc. v. Hyundai Elecs. Indus., Co. Ltd.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999) (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A motion to reconsider based on recycled arguments only serves to waste the resources of the court." *Id.* (citing *State v. Sprint Comm. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995)). Here, plaintiff rightly points out that the Federal Circuit has examined the Fifth Circuit's *en banc* decision in *Volkswagen* and concluded that the "en banc decision did not change any aspect of the law regarding [this] court's § 1404(a) analysis." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1322 (Fed. Cir. 2008) (Rader, J.).[1] Defendants insist, however, that this Court's denial of the original motion to transfer was based on reasoning that has subsequently been rejected by the Fifth Circuit and therefore, this Court's decision is inconsistent with Circuit's law. *See* Defs.' Mtn. at p. 2 (citing *Century Prods. Co. v. Cosco, Inc.*, No. 3:00-cv-0800-BH, 2003 U.S. Dist. LEXIS 1419, at **14–15 (N.D. Tex. Jan. 31, 2003)). The Court will reevaluate its analysis and decision in light of the two recent circuit decisions on its orders related to transfer motions.

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §

---

[1] The Federal Circuit found that in the Fifth Circuit's *en banc* decision, the Fifth Circuit merely "confirmed that mandamus is an appropriate means to review a district court's ruling on a venue transfer motion." *Id.* (comparing *In re Volkswagen of Am., Inc.*, 506 F.3d 376 (5th Cir. 2007), and *In re Volkswagen AG*, 371 F.3d at 205 (5th Cir. 2004), with *In re Volkswagen of Am., Inc.*, 545 F.3d at 315 (5th Cir. 2008) (en banc)). Furthermore, the Federal Circuit did not in any

4

1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

The Fifth Circuit has recently clarified the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc). The Court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that moving party bears the burden of showing "good cause," which the Court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The Court noted, however, that the relevant factors to be considered in ruling on a 1404(a) motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having

---

way suggest that it was changing the law to be applied to transfer motions in this Circuit.

localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

The Federal Circuit applies regional circuit law to district court decisions related to venue. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying the Fifth Circuit's *en banc Volkswagen* decision to rulings on transfer motions out of this circuit).

### A.   Plaintiff's Choice of Forum

In *Volkswagen*, the Fifth Circuit addressed the weight to be given to the plaintiff's choice of forum. *In re Volkswagen*, 545 F.3d at 315. The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id.* In this case, the plaintiff, MHL is a Texas corporation, and it chose to bring its lawsuit in the Marshall Division of the Eastern District of Texas. When no special, restrictive venue statute applies, the general venue statute, 28 U.S.C. § 1391, controls the plaintiffs' choice of venue. *Id.* at 312. Here, both parties agree that the Eastern District of Texas as well as the Eastern District of Michigan are forums in which this suit might have been brought. *See* 28 U.S.C. § 1391. Defendants argue that plaintiffs' choice of the division within this proper district is not an independent factor, and is not entitled any heightened deference. *See* Defs.'Mot, D.E. 222, at 2 (citing *In re Volkswagen*, 545 F.3d at 315). This Court agrees. The Court, therefore, has evaluated the case based entirely on movant's "good cause" burden. Nevertheless, the Court concludes that the defendants have not shown that the Eastern District of Michigan is clearly more convenient than the plaintiff's chosen

forum.  The Court will therefore deny the motion to reconsider.

**B.      Private Factors**

**1.      Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses**

The court will first assess the convenience of the parties involved.  The plaintiffs filed suit in the Marshall Division.  Plaintiff MHL represents to the Court that it conceded that this is a convenient forum when it elected to bring suit here.  Therefore, the Court will consider this district more convenient to the plaintiff than the Eastern District of Michigan.

With regard to defendants, four defendants reside in Germany, three in California, two in Japan, two in South Korea, two in New Jersey, one each in Michigan,[2] Tennessee, Alabama, Georgia, South Carolina, Indiana, and Virginia.[3]  The Court finds that this district would, in the least, be just as convenient or inconvenient to most of the defendants as the desired transferee District.[4]  Presently, there are no third-party defendants of record in this case.  Therefore, the

---

[2] The Court notes that defendant Isuzu Am is incorporated in Michigan, but is located in Cerritos, California.  Isuzu Am did not join or support defendants' motion to transfer or motion to reconsider this court's earlier order.

[3] According to their website, Volkswagen Group of America relocated its U.S. headquarters to Virginia on September 18, 2008.  *See* Our New Home, http://www.volkswagengroupamerica.com/company/newhome.htm.  Similarly, Audi of America's website lists for its business, the same Herndon, Virginia address as Volkswagen of America.  *See* http://www.audiusa.com/audi/us/en2/Company/Contact_Us.html; *see also* Volkswagen of America, Inc. Announces New Strategic Direction, Move to Virginia and Restructure of U.S. Operations, http://media.vw.com/article_display.cfm?article_id=10207 (announcing the relocation).  However, even in its motion to reconsider, filed October 27, 2008, defendants blatantly continue to insist that Audi's and Volkswagen's facilities are located in Michigan.

[4] The Court notes that for defendants flying in from abroad the closest airports to the two forums are located in Shreveport and Detroit respectively.  For defendants flying in from Germany, the Detroit airport would possibly be closer than the Shreveport airport.  For defendants flying in from Asia over the Pacific, the Shreveport airport would possibly be closer than the Detroit airport.  With regard to domestic defendants, the California, Alabama, and

court does not consider the convenience of any possible third parties at this time. *See In re Volkswagen*, 371 F.3d at 204-05. Accordingly, as the Court has determined in its previous order, the convenience of the parties is a neutral factor with respect to transfer.[5]

Next, the court considers the convenience of witnesses. The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen,* 371 F.3d at 204-05. ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id*. The Detroit courthouse is approximately 1090 miles from the Marshall courthouse.

The parties sharply disagree on who the key witnesses are in this case and if either of the two districts is more convenient to a majority of witnesses. Defendants had previously identified to this Court, the inventors and the prosecution counsel as key non-party witnesses who are located in Michigan. In addition, they had generally pointed to party witnesses of the defendants located in Michigan, arguing that holding a trial in Marshall would greatly inconvenience these

---

Georgia defendants would likely find Marshall closer than Detroit, while the Michigan, South Carolina, Indiana, and Virginia defendants would likely find Detroit closer. Both forums are just as far for the Tennessee defendant. The Court also notes that the Eastern District of Michigan has divisions in Detroit, Ann Arbor, Bay City, Flint and Port Huron. The Court uses the Detroit division as a reference in determining distances for convenience of various parties and witnesses.

[5] The court has not considered the location of counsel in this analysis. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) (ruling that the parties' attorneys' convenience is not a factor to be considered).

8

witnesses.[6] In their motion to reconsider, they argue that the "100-mile threshold" set by the Fifth Circuit in *Volkswagen* mandates that this case be transferred to Michigan for the convenience of these witnesses.[7] MHL points out that the inventors are all associated with plaintiff,[8] and represents to the Court that none of these potential witnesses will assert any inconvenience arising out of appearing for trial in Texas. Plaintiff also contends that defendants have not shown that the lawyers from the law firm of Brooks & Kushman, who prosecuted Mr. Handfield and Ms. Laliberte's patent applications, would refuse to attend trial in Texas. The Court agrees.[9] Moreover, the Court cannot limit the convenience analysis simply to these handful of witnesses. *Cf. In re Volkswagen*, 371 F.3d at 204-05 ("There is clearly nothing in § 1404(a) which limits the application of the terms 'parties' and 'witnesses' to those involved in an original complaint."). Given the many defendants, party witnesses will come from all over the globe.[10] As noted above, not all of these party witnesses will find one forum more convenient

---

[6] Besides the inventors, defendants failed to identify any witnesses by name. The Court notes that the Fifth Circuit has rejected the argument that a movant must submit an affidavit from each proposed witness, outlining the witness's testimony. *In re Volkswagen*, 545 F.3d at 317 n. 12. However, a movant needs at least to identify the name and location of key witnesses as well as the general subject matter of the testimony they are expected to provide. *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993).

[7] Replying to defendants' motion, plaintiff points out that in response to MHL's interrogatories, defendants have failed to identify a single Michigan witness knowledgeable about the technical and financial issues likely to arise in this case. *See* Response, at p. 8. Rather, VW and Audi identified witnesses only in Germany and Virginia, while Nissan identified witnesses only in Japan and Tennessee. *Id*. The Court finds that this fact puts into doubt the credibility of defendants' claim that some party witnesses are presently located in Michigan.

[8] Plaintiff represents that Inventors (and husband and wife) Michael Handfield and Helene Laliberte control MHL and Animatronics, Inc.

[9] As a matter of fact, the Court notes that the law firm of Brooks & Kushman PC from Southfield, Michigan regularly practices before this Court. *See, e.g., Lear Corp. v. TS Tech USA Corp.,* Civil Action No. 2:07-CV-406.

[10] Plaintiff points out that MHL has offered to share the costs of bringing defendants' witnesses to the United States, and defendants have thus far refused to accept this offer. *See*

than the other. Furthermore, this Court has presided over numerous patent cases and is of the opinion that a great number of witnesses at trial will be expert witnesses, who could come from anywhere around the country or the world. Given the Fifth Circuit's 100 mile threshold, a majority of witnesses in this case would be greatly inconvenienced by trying the case in either of the two forums.[11] This is not a case where all of the witnesses are concentrated in one part of the country, close to the forum where transfer is sought to. *See In re TS Tech*, 551 F.3d at 1320 (finding erroneous this court's refusal to considerably weigh this factor in favor of transfer since all of the identified key witnesses in this case are in Ohio, Michigan, and Canada, approximately 900 more miles closer to the Southern District of Ohio than to this Court); *see also In re D-Link Corp.*, 183 Fed. Appx. 967, 968 (Fed. Cir. 2006) (Rader, J.) (applying *In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004)) (finding that, under Fifth Circuit precedent, the district court did not abuse its discretion in denying defendant's motion to transfer where some witnesses resided in the transferee forum but others resided abroad). The central location of this Court in relation to the parties involved in this suit makes it, at the very least, as convenient a location as the Eastern

---

Response, at p. 8. However, the Court does not take such offers into account while determining the weight to be given to this factor.

[11] The Fifth Circuit has not explained how the 100-mile *Volkswagen* rule would apply to foreign witnesses, especially to those from the other side of the globe. The Court bases its determination on the shortest flight routes available between major international airports in the foreign country and the United States, followed by road based distance measurements from that U.S. airport to either of the forum. For instance, a direct flight from Tokyo to Los Angeles is approximately 5470 miles. Distance measured from Los Angeles to Marshall is approximately 1600 miles as compared to 2300 miles to Detroit. Similarly, the flight distance from Frankfurt, Germany to New York is approximately 3850 miles. Distance from New York to Marshall is approximately 1470 miles as compared to 630 miles to Detroit. For domestic witnesses, the Court simply calculates road based distances from the defendants' offices to the two courthouses. Based on these calculations, the Court finds that under the 100-mile rule, this Court, rather than the Michigan one, is more centrally located to the scattered distribution of party witnesses.

District of Michigan. Therefore, the convenience of witnesses and the costs of attendance for willing witness are neutral to the transfer of this case.

### 2. The Relative Ease of Access to Sources of Proof

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. Defendants contend that several sources of documentary proof and other evidence are located in Michigan. In their original motion, defendants had specifically listed sales information, financial information, and technical information related to the accused products,[12] MHL's own documents related to the invention, and any prosecution related evidence available with MHL or its prosecuting counsel. In its order on defendants' motion, the Court noted that the increasing ease of storage and transportation made this factor "less significant." The Court did not read this factor out of the transfer analysis. *Accord In re D-Link Corp.*, 183 Fed. Appx., at 968 (applying *In re Volkswagen AG*, 371 F.3d 201) (refusing to disturb district court's finding, under Fifth Circuit precedent, that where documents could, and likely would, be exchanged electronically, this factor did not support transfer). Defendants have identified no documents or evidence located in Michigan that cannot be produced electronically.[13] Alternatively, applying the same rationale, other defendants would have an overwhelming number of documents on similar sales

---

[12] The Court notes that Nissan TCNA is the only defendant located in Michigan. Given that there are three Nissan defendants, there is nothing to show that such evidence is indeed located in Michigan.

[13] The *TS Tech* court appears to have emphasized the physical nature of the evidence at issue and that such evidence, including actual physical objects, would be more easily transported to Ohio. *Odom v. Microsoft Corp*, Civil Action No. 6:08-CV-331, 2009 WL 279968, at *3 (E.D. Tex. Jan. 30 2009) (citing *In re TS Tech*, 551 F.3d at 1321).

information, financial information, and technical information related to their accused products, that are scattered around the globe. MHL represents that any of its documents and other evidence can be easily transported to Marshall. This is not a case where all of the evidence is concentrated in one part of the country, close to the forum where transfer is sought to. *In re TS Tech*, 551 F.3d at 1321 (finding that this court erred in not weighing this factor in favor of transfer when all of the physical evidence, including the headrests and the documentary evidence, was in Ohio, Michigan, and Canada, far more conveniently located to the Ohio venue); *In re Volkswagen*, 545 F.3d at 316 ("All of the documents and physical evidence relating to the accident are located in the Dallas Division, as is the collision site."). As with the parties and witnesses, the central location of this district in relation to the global nature of this suit makes it, at the very least, as convenient a location as the Michigan court. Therefore, this factor does not weigh in favor of transfer.

### 3. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316.

As discussed above, it is likely that there will be several witnesses located outside of Michigan and Texas. However, in their motion to reconsider, defendants continue to argue that because they have identified some witnesses that are within the subpoena power of the Michigan court, but not within this Court's subpoena power, the *Volkswagen* holding requires that this factor weigh in favor of transfer. Defendants misread *Volkswagen*. In *Volkswagen*, the Fifth

Circuit ruled on a fact scenario in which the transferee venue enjoyed absolute subpoena power over all possible witnesses. *In re Volkswagen*, 545 F.3d at 317 ("Moreover, a proper venue that does enjoy absolute subpoena power for both depositions and trial-the Dallas Division-is available."). Here, defendants have not shown that there is a proper venue that enjoys "absolute subpoena power for both depositions and trial" over all of the witnesses in this case. Nor is there support for defendants' reading of *Volkswagen* in the recent Federal Circuit case. *In re TS Tech*, 551 F.3d at 1319 ("The court was correct in giving no weight to the availability of compulsory process factor . . . .").[14] If this Court cannot compel a witness's attendance at trial, neither party is prevented from using the witness's videotaped deposition at trial. *Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, 450 F. Supp. 2d 676, 679 (E.D. Tex. 2006). Therefore, the court finds this factor is neutral as to transfer.

### C.  Public Interest Factors

### 1.  The Administrative Difficulties Flowing from Court Congestion

The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. However, as the Court had noted in its order on defendants' motion to transfer, the claim construction hearing in this case is scheduled for August 19, 2009, and the case is set to go to trial later this year. The Court finds that transferring this case at this stage would simply delay trial in this case. This factor does not weigh in favor of transfer.

---

[14] In *TS Tech*, this Court had found this factor to be neutral because the parties had failed to identify any unwilling witness outside of this Court's subpoena power, and the parties agreed to this fact. *See Lear Corp. v. TS Tech USA Corp.,* Civil Action No. 2:07-CV-406, Dkt. No. 43 at 5 (E.D. Tex. Sept. 10, 2008). Here, although defendants insist there are Michigan defendants outside of this Court's subpoena power, they fail to point to a single witness who would not be

## 2. The Local Interest in Having Localized Interests Decided at Home

Transfer may be appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Defendants argue the sale of allegedly infringing products throughout the Eastern District of Texas is not sufficient local interest to tilt this factor against a transfer. The Court agrees. *See In re Volkswagen*, 545 F.3d at 318 (finding no local interest based on the local availability of a product subject to a product liability claim, as such rationale could apply to virtually any judicial district in the U.S. and would leave no room for consideration of those actually affected by the controversies and events giving rise to the case); *accord In re TS Tech*, 551 F.3d at 1321. Some of the factors that the Fifth Circuit directed courts to look to in a products liability case include where the accident occurred, where the witnesses live, where the evidence is located, where the parties live, and where the vehicle was purchased. *Id*. Of these factors, some are irrelevant in patent cases such as this one. As previously noted, the parties, witnesses and evidence are not concentrated close to either of the forum. The plaintiff is a Texas corporation, operating out of Michigan. One of the defendants is also located in Michigan. Given these facts, the court finds that the Eastern District of Michigan has a slightly greater local interest in this case than the Marshall Division, and this factor weighs in favor of transfer.

## 3. The Familiarity of the Forum with the Law that will Govern the Case

In its order on defendants' motion to transfer, this Court had found that since both this Court and the Court in the Eastern District of Michigan are capable of applying patent law to

---

willing come to trial in Marshall, Texas.

infringement claims, this factor is neutral as to transfer. The Court also noted that this District has adopted patent rules designed to ensure that patent cases proceed much more expeditiously. The Federal Circuit agreed that although this Court, having presided over numerous patent cases, has considerable experience with patent law, it is in no better position than another federal district court in deciding a patent case. *In re TS Tech*, 551 F.3d at 1320. This factor does not weigh in either direction.

### 4. The Avoidance of Unnecessary Problems of Conflict of Laws

The court finds that this factor is inapplicable in this transfer analysis.

### 5. Judicial Economy

Section 1404(a) requires that a Court ruling on a motion to transfer also take into account "the interest of justice." 28 U.S.C. § 1404(a) (1994); *In re Volkswagen*, 545 F.3d at 315 ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'"). The Federal Circuit has found that, in patent cases, the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (citations omitted).

Following the filing of this case by MHL, Volkswagen filed a declaratory judgment lawsuit against MHL, involving the same three patents, in the Eastern District of Michigan. The case was assigned to the Honorable John Corbett O'Meara. On June 30, 2008, Judge O'Meara transferred Volkswagen's second-filed lawsuit to this Court. *See Volkswagen of America,*

*Incorporated v. MHL TEK, LLC*, Cause No. 07-CV-14992, Docket No. 33 (E.D. Mich. June 30, 2008) (ordering transfer of that case, reasoning that "[b]y keeping this matter in [the Michigan] court, [the Michigan] court would not only waste judicial resources but also risk inconsistent rulings on these patents"). Volkswagen petitioned the Federal Circuit for a writ of mandamus directing Judge O'Meara to vacate his transfer order. *In re Volkswagen of America, Inc.*, Misc. No. 880. In its petition, Volkswagen made arguments, similar to the ones made here, of inconvenience resulting from a trial in Marshall. *Id*. The Federal Circuit denied Volkswagen's petition, finding that Volkswagen arguments were "only general assertions regarding convenience." *In re Volkswagen of America, Inc.*, 296 Fed. Appx. 11, 14 (Fed. Cir. 2008). In the light of this guidance from the Federal Circuit, this Court is inclined to deny defendants' motion.

There is further reason to deny defendants' motion to reconsider. Besides the case transferred here from Michigan, this Court has before it, another case filed by MHL against different defendants involving the same three patents: *MHL v. General Motors Corp.*, 2:08-cv-00125-TJW-CE. With two other cases involving the exact same patents before this Court, granting defendants' motion for transfer in the present case would cut against principles of judicial economy and increase the risk of inconsistent adjudication. *See Invitrogen Corp. v. General Elec. Co.*, No. 6:08-CV-112, 2009 WL 331891, at *4 (E.D. Tex. Feb. 09, 2009). Given all of these facts, the Court finds that the interests of judicial economy further counsel this Court against transferring this case. *See Regents of the Univ. of Cal.*, 119 F.3d at 1565 ("[I]n a case such as this in which several highly technical factual issues are presented and the other relevant

factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues.").

### III.     Conclusion

The court has balanced all of the relevant factors. None of the factors is entitled to dispositive weight. Although some of the fact witnesses would suffer an inconvenience by having to travel to Marshall, others would be inconvenienced if this case was transferred to Michigan. The defendants have not shown that the proposed transferee forum is clearly more convenient, and there is not good cause to transfer the case. *In re Volkswagen*, 545 F.3d at 315 ("Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."). The Court further finds that it is necessary to retain this case in order to preserve judicial economy and prevent inconsistent adjudications. Having considered the relevant factors as well as the interest of justice under 28 U.S.C. § 1404(a), the court is not persuaded that a transfer is warranted. As such, the court DENIES defendants' motion to reconsider.

SIGNED this 23rd day of February, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

17