**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MHL TEK, LLC | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-289 |
| | § | |
| NISSAN MOTOR CO., ET AL. | § | |

**ORDER**

**I.   Introduction**

Pending before the court is the defendants Dr. Ing h.c. F. Porsche AG's, Porsche Cars North America, Inc.'s, Subaru of America, Inc.'s, Subaru of Indiana Automotive, Inc.'s, Hyundai Motor Co.'s, Hyundai Motor America's, Hyundai Motor Manufacturing Alabama, LLC's, Kia Motors Corporation's, Kia Motors America, Inc.'s, Isuzu Motors Limited's, and Isuzu Motors America, LLC's motion for summary judgment of invalidity (Dkt. No. 424).  For the reasons discussed below, the motion for summary judgment is DENIED.

**II.   Factual and Procedural Background**

On July 13, 2007, the plaintiff MHL Tek, LLC ("MHL") filed suit against BMW AG, BMW of North America, LLC, BMW Manufacturing Co., LLC, Isuzu Motors, Ltd., Isuzu Motors America, Inc., Subaru of America, Inc., Subaru of Indiana Automotive, Inc., Nissan Motor Co., Ltd., Nissan North America, Inc., Nissan Technical Center North America, Inc., Dr. Ing. h.c. F. Porsche AG, Porsche Cars North America, Inc., Hyundai Motor America, Hyundai Motor Co., Hyundai Motor Manufacturing Alabama, LLC, Kia Motors America, Inc. and Kia Motors Corporation for patent infringement.  MHL alleges that the defendants infringe U.S. Patent No. 5,731,516 ("the '516 patent"), which discloses a tire pressure monitoring system ("TPMS").  The movants argue that the

'516 patent is invalid as anticipated under 35 U.S.C. § 102(b) and obvious under 35 U.S.C. § 103.

**III.     Analysis**

    **A.     Anticipation Due to On-Sale Bar**

The movants argue that claims 1-10 of the '516 patent are invalid due to the § 102(b) on-sale bar. The on-sale bar applies when "the invention was . . . in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b). The date that is one year prior to the patent application date is known as the "critical date." A patent is invalid due to the on-sale bar if, prior to the critical date, the claimed invention (1) was ready for patenting and (2) was the subject of a commercial sale or offer for sale. *Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55, 67 (1998).

According to the movants, the subject matter claimed by the '516 patent was reduced to practice in 1985 or 1986. On March 1, 1993, MHL's predecessor, Animatronics, Inc. ("Animatronics"), and McLaughlin Electronics, Inc. ("ME") signed a Development Agreement in which Animatronics allegedly promised to sell ME commercial embodiments of the invention and a TPMS prototype. Also in 1993, Animatronics provided experimental models of the TPMS to ME. October 31, 1993 is the § 102(b) critical date of the '516 patent; the '516 patent is based on U.S. Patent Application No. 08/332,200, which was filed on October 31, 1994. The movants contend that § 102(b) on-sale bar invalidates the '516 patent because the 1993 Development Agreement between Animatronics and ME was a sale of services to develop the claimed invention and a contract to sell commercial embodiments. The 1993 sale of experimental models to ME also triggers the on-sale bar, according to the movants.

MHL disputes the movants' contention that the on-sale bar invalidates the '516 patent. First,

MHL points out that the subject TPMS, which was to be developed under the Development Agreement, lacked at least one element present in each of the asserted claims; therefore, the subject TPMS cannot anticipate the patent.  Second, MHL argues that the Development Agreement was not an offer to sell the invention.  Instead, the Development Agreement merely conveyed to ME a future right to commercialize the TPMS.  Third, according to MHL, the Development Agreement addresses only the future right to manufacture the TPMS, and these open-ended terms do not constitute an offer to sell.  Fourth, Animatronics's delivery of experimental models to ME was for experimental purposes, and thus does not trigger the on-sale bar.  MHL asserts that it is not precluded from relying on the experimental use doctrine because the invention claimed in the '516 patent was not reduced to practice by 1993.

The court finds that MHL has raised genuine issues of material fact regarding § 102(b) invalidity.  Therefore, the court denies summary judgment on anticipation due to the on-sale bar.

### B.   Obviousness

The movants assert that the '516 patent is obvious in light of two prior art references: Animatronics's 1993 experimental model and US. Patent No. 4,998,092 ("Ohno").  A patent is invalid as obvious "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."  35 U.S.C. § 103.

As stated above, MHL argues that Animatronics's delivery of experimental models to ME is protected by the experimental use doctrine.  If MHL's contention is true, then the experimental models are not prior art.  Therefore, the motion for summary judgment on obviousness is denied.

## IV.     Conclusion

For all the foregoing reasons, the court denies the motion for summary judgment on invalidity of claims 1-10 of the '516 patent.

SIGNED this 30th day of November, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE